UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>M. DAGUIO, et al.,<br><br>    Defendants. | Case No. 18-06378 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pretrial detainee at the Santa Rita County Jail, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officers at the Correctional Training Facility ("CTF") in Soledad. (Docket No. 1, hereinafter "Compl.") Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.  **Plaintiff's Claims**

Plaintiff claims that on January 23, 2018, he was denied access to the library by Defendant Correctional Officer M. Daguio. (Compl. at 6, original pagination.) Plaintiff complained about the incident to Defendant Daguio's supervisor, Sgt. Rendon, not a party to this action. (*Id.*) On January 25, 2018, Plaintiff asked Defendant Daguio for a temporary pass to access the law library, at which time he also informed Defendant Daguio that he intended to file an administrative grievance against him for denying him access to the law library on January 23, 2018. (*Id.*) Plaintiff claims that in response, Defendant Daguio threatened that he would either have Plaintiff moved out of the "Wing" or assign a cell-mate to Plaintiff. (*Id.*) Later that same day, Defendant R. Avalos informed Plaintiff that he was being assigned a cell-mate, and that any objections would result in a Rules Violation Report ("RVR") being issued per Defendant Daguio, which Defendant Avalos would fully support. (*Id.* at 7.) After speaking with the inmate, Plaintiff informed Defendant Avalos that they were not compatible and that there was "a significant risk to the physical safety of Plaintiff and possibility to staff" because the cell-mate was in possession of "dangerous contraband." (*Id.*) The next day, on January 26, 2018, Plaintiff received an RVR for refusing to house with the inmate. (*Id.*) On January 28, 2018, Plaintiff sent a request for clarification regarding "CDCR's policies involving inmate housing assignments compatibility factor" to the supervising Sgt., Defendant C. Peaden, who failed to provide any response. (*Id.* at 8.) When Plaintiff appeared before Defendant

2

B. Greer, the senior hearing officer, for the disciplinary hearing on the RVR on January 31, 2018, he was found guilty and assessed "numerous loss of privileges." (*Id.* at 9.) Plaintiff claims that his right to due process was violated at this hearing because he was denied his right to call a witness. (*Id.*)

Based on the above allegations, Plaintiff claims denial of access to the courts, denial of access to the law library, retaliation, and violation of due process and equal protection. (*Id.* at 5.) Plaintiff also claims an Eighth Amendment violation and conspiracy. (*Id.* at 10.) Plaintiff seeks damages. (*Id.* at 3.)

### 1. **Access to the Courts**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program (e.g., law library or legal assistance) that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55.

Plaintiff's allegations are insufficient to state a denial of access to the courts claim because he has failed to allege actual injury. Even assuming that the denial of law library access on January 25, 2018, amounts to an inadequacy in the legal access program, he must still demonstrate that the alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue a legal claim. *Lewis*, 518 U.S. at 351.[1] It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to

---

[1] Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. *Id.*

3

meet a filing deadline or to present a claim." *Id.* at 348. Here, Plaintiff has failed to describe what non-frivolous claim concerning his conviction or conditions of confinement he was hindered from pursuing. *See Lewis*, 518 U.S. at 351, 354-55. Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable denial of access to the courts claim.

### 2. Access to the Library

Plaintiff claims that Defendant Daguio denied him access to the library one time, on January 25, 2018. *See supra* at 2. This one time denial of access to the law library claim does not present a cognizable claim. The Constitution does not guarantee a prisoner unlimited access to the law library. Prison officials of necessity must regulate the time, manner and place in which library facilities are used. *See Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). The fact that a prisoner must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts. *See id.*; *Myron v. Terhune*, 457 F. 3d 996, 1000-01 (9th Cir. 2006) (California state regulation governing prison law library, pursuant to Cal. Admin. Code Title 15 § 3120, does not create a due process liberty interest in law library access hours). Accordingly, this claim is DENIED with prejudice for failure to state a claim for relief.

### 3. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff claims that Defendant Daguio took adverse action against him, i.e., assigned him a cellmate, because Plaintiff threatened to file an administrative grievance against him, which is protected conduct. However, Plaintiff's allegations are insufficient

4

to state a retaliation claim because he does not allege that he was actually chilled from exercising his First Amendment rights. A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; *see Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by claiming he had to quit his law library job in the face of repeated threats by defendants to transfer him because of his complaints about the administration of the library); *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm). Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable retaliation claim.

### 4. **Due Process**

Plaintiff's allegation that he was denied his right to call witnesses during the disciplinary proceeding before Defendant Greer may be an attempt to state a violation of his procedural due process rights under *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim unless the deprivation suffered is one of "real substance" as defined in *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. Here, Plaintiff claims that the guilty finding resulted in "numerous loss of privileges," but makes no allegation that this loss of privileges amounts to a deprivation of "real substance" under *Sandin*. (Compl. at 9.) Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable due process claim.

### 5. **Equal Protection**

Plaintiff mentions that his rights under the Equal Protection Clause was violated,

5

but makes no allegations supporting such a claim. (Compl. at 5.)

When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); *Timm v. Gunter*, 917 F.2d 1093, 1099 (8th Cir. 1990) (same). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031 (affirming district court's grant of defendants' motion for summary judgment because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom the officers did not know was entitled to a vegetarian meal).

Plaintiff makes no allegation with respect to what class of prisoners he belongs and how the treatment he received was dissimilar to that received by other inmates. Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable denial of access to the courts claim.

### 6. **Eighth Amendment**

At the end of the complaint, Plaintiff claims that Defendants' acts and omissions subjected him to cruel and unusual punishment under the Eighth Amendment. (Compl. at 10.) The only punishment mentioned in the complaint is the loss of privileges which he received for the guilty finding on the RVR. *See supra* at 5. There is no law that supports the claim that the loss of *privileges* amounts to cruel and unusual punishment. Accordingly, this Eighth Amendment claim is DENIED with prejudice for failure to state a claim for relief.

In the same paragraph in which he alleges that his Eighth Amendment right was violated, Plaintiff also claims that Defendants acted "in concert in a conspiracy and injured

6

the plaintiff while engaged in protected conduct." (*Id.*) First of all, Defendants' actions with respect to Plaintiff's "protected conduct" is only relevant to his First Amendment retaliation claim, as discussed above, and has no bearing on the Eighth Amendment. *See supra* at 4-5. Furthermore, conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* The Court has found that Plaintiff has failed to state sufficient facts to allege any cognizable claim. Accordingly, he cannot proceed with a conspiracy claim in this action where there is no underlying constitutional violation. Plaintiff may attempt to raise a related conspiracy claim in his amended complaint only if he is able to state sufficient facts to support an underlying constitutional violation.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to state sufficient facts to state a deliberate indifference claim as described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-06378 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will**

7

**result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** April 1, 2019

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\06378Smith_dwlta

8