UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>M. DAGUIO, et al.,<br><br>    Defendants. | Case No. 18-06378 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officers at the Correctional Training Facility ("CTF") in Soledad. The Court dismissed the complaint with leave to amend to attempt to correct several deficiencies. (Docket No. 6.) Plaintiff has filed an amended complaint. (Docket No. 7.)

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   **Plaintiff's Claims**

Plaintiff claims that on January 23, 2018, he was denied access to the library by Defendant Correctional Officer M. Daguio. (Am. Compl. at 6-7, original pagination.) On January 25, 2018, Plaintiff asked Defendant Daguio for a temporary pass to access the law library, at which time he also informed Defendant Daguio that he intended to file an administrative grievance against him for denying him access to the law library on January 23, 2018. (*Id.* at 7.) Plaintiff claims that in response, Defendant Daguio stated that he was tired of hearing about all the grievances Plaintiff had submitted in the past and threatened to assign a cell-mate to Plaintiff or have him moved out of the unit. (*Id.* at 7-8.) Plaintiff claims that he went ahead and filed an inmate appeal that same day. (*Id.* at 8.) Plaintiff claims Defendant Daguio chilled his First Amendment rights, and that his actions did not reasonably advance a legitimate correctional goal. (*Id.*)

Later that same day, Defendant R. Avalos informed Plaintiff that he was being assigned a cell-mate, and that any objections would result in a Rules Violation Report ("RVR") being issued per Defendant Daguio, which Defendant Avalos would fully support. (*Id.* at 7.) Plaintiff claims Defendant Avalos's actions chilled his First Amendment rights and did not reasonably advance a legitimate correctional goal. (*Id.*)

After speaking with the inmate, Plaintiff informed Defendant Avalos that they were not compatible and that there was "a significant risk to the physical safety of Plaintiff and

2

possibility to staff" because of the cell-mate's "interest in possessing dangerous contraband." (*Id.* at 9.) The next day, on January 26, 2018, Plaintiff received an RVR for refusing to house with the inmate. (*Id.*) Plaintiff claims that several months later, Defendant Avalos was confronted with "the same/or similar situation" with another inmate, but that in that case Defendant Avalos allowed the inmate to find alternate housing. (*Id.* at 10.) Plaintiff claims that Defendant Avalos's actions show "preferential/discriminatory treatment" where there was no rational basis for the dissimilar treatment, in violation of Equal Protection. (*Id.*)

On January 28, 2018, Plaintiff sent a request for clarification regarding "CDCR's policies involving inmate housing assignments compatibility factor" to the supervising Sgt., Defendant C. Peaden, who had "signed off" on the RVR without making any personal inquiries. (*Id.* at 9-10.)

When Plaintiff appeared before Defendant B. Greer, the senior hearing officer, for the disciplinary hearing on the RVR on January 31, 2018, he was found guilty and assessed numerous losses of privileges, including 30 days loss of canteen, phone, recreation, package, property, and privilege group "C," as well as 61 days loss of good time credit. (*Id.* at 10.) Plaintiff claims that his right to due process was violated at this hearing because he was denied his right to call a witness. (*Id.*) Plaintiff claims after he appealed, the RVR was twice reissued and reheard based on the violation of his procedural due process rights, but that at both subsequent rehearings, his procedural due process rights were again violated. (*Id.* at 12-14.)

Based on the above allegations, Plaintiff claims denial of his First Amendment right to petition the government for redress of grievances (Count 1), violation of due process based on the false RVR (Count 2), and retaliation (Count 3). (*Id.* at 15-17.) Plaintiff also claims that he was deprived of his right to Equal Protection. (*Id.* at 17.) Plaintiff seeks declaratory and injunctive relief as well as damages. (*Id.* at 18-20.)

///

3

### 1. **Access to the Courts**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *accord Hines v. Gomez*, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the government for redress of grievances, *see id.* at 333, and protects both the filing, *see id.*, and content, *see Bradley*, 64 F.3d at 1279, of prison grievances. To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program (e.g., law library or legal assistance) that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55.

Plaintiff was advised in the Court's order of dismissal that his allegations were insufficient to state a denial of access to the courts claim because he failed to allege actual injury. (Docket No. 6 at 3-4.) Plaintiff was advised that he must describe what non-frivolous claim concerning his conviction or conditions of confinement he was hindered from pursuing. *See Lewis*, 518 U.S. at 351, 354-55. Here, Plaintiff states plainly that even after he was "threatened" by Defendant Daguio on January 23, 2018, Plaintiff went ahead and filed the appeal anyway. *See supra* at 2. Accordingly, even if we assume Plaintiff was pursuing a non-frivolous claim, Plaintiff fails to allege actual injury, i.e., that he was hindered from pursuing his claim. Plaintiff's allegation that Defendant Daguio's actions "chilled" his First Amendment rights may be relevant for alleging a retaliation claim, but not for the denial of access to courts claim. Accordingly, this claim is DISMISSED for failure to state a claim for relief.

///

## 2. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff's claim that Defendants Daguio and Avalos took adverse action against him, i.e., assigned him a cellmate and issued a false RVR, because Plaintiff engaged in protected conduct is cognizable as he has also alleged that their actions "chilled" his First Amendment rights and did not advance a legitimate correctional goal is cognizable. *Id.*

## 3. Due Process

Plaintiff's allegation that he was denied his right to call witnesses during the disciplinary proceeding before Defendant Greer may be an attempt to state a violation of his procedural due process rights under *Wolff v. McDonnell*, 418 U.S. 539 (1974). Plaintiff alleges in the amended complaint that he suffered 30-days loss of several privileges, as well as 61 days loss of good time credits. *See supra* at 3. A challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." *See Skinner v. Switzer*, 561 U.S. 521, 525 (2011). Here, success on Plaintiff's claim on the allegedly false RVR would result in the reinstatement of time credits that would "necessarily spell speedier release," and therefore lies at the core of habeas corpus. *Id.*

Furthermore, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Where a claim seeking expungement of a disciplinary finding would, if successful, "necessarily accelerate" the prisoner's release on parole, *Heck* applies. *Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (interpreting *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997)).

Accordingly, this due process claim must be dismissed to filing it in a petition for habeas corpus under 28 U.S.C. § 2254 for the restoration of time credits. Only after he has succeeded in having the RVR reversed and good time credits restored may Plaintiff seek damages in a § 1983 action.

### 4. **Equal Protection**

Plaintiff asserts that his rights under the Equal Protection Clause was violated because he was treated differently from a similarly situated prisoner when it came to a housing assignment based on compatibility issues. (Compl. at 5.)

When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); *Timm v. Gunter*, 917 F.2d 1093, 1099 (8th Cir. 1990) (same). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031 (affirming district court's grant of defendants' motion for summary judgment because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom the officers did not know was entitled to a vegetarian meal).

Plaintiff's allegations are insufficient to state an equal protection claims because he fails to allege how he and the alleged inmate, who did not receive an RVR for refusing a

6

housing assignment, are similarly situated. Plaintiff only makes a single, conclusory allegation that he was a "similarly situated prisoner like inmate Sheppard when he had compatibility concerns." (Am. Compl. at 10.) Plaintiff has already been afforded one opportunity to amend, and this Court has broad discretion to deny leave to amend where Plaintiff has already been granted leave to file an amended complaint. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this claim is DISMISSED for failure to state a claim.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's access to the courts and equal protection claims are DISMISSED with prejudice for failure to state a claim. Plaintiff's due process claim is DISMISSED to filing as a separate habeas action. The Clerk shall enclose a court form petition and In Forma Pauperis Application with a copy of this order to Plaintiff.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 7), all attachments thereto, and a copy of this order upon **Defendants M. Daguio** and **R. Avalos** at the **Correctional Training Facility (P.O. Box 689, Soledad, CA 93960).** The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate Defendants Lt. Brian Greer and Lt. C. Peaden from this action as all claims against them have been dismissed.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will

7

proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: _September 24, 2019_

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.18\06378Smith_svc

9